216    Appellate Courts of Illinois.

Goldschmied v. National Council, K. & L. of Sec., 202 Ill. App. 216.

## Emily Goldschmied, Defendant in Error, v. National Council, Knights and Ladies of Security, Plaintiff in Error.

### Gen. No. 22,199. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John R. New-comer, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed December 18, 1916.

### Statement of the Case.

Action by Emily Goldschmied, plaintiff, against National Council, Knights and Ladies of Security, defendant, on a benefit certificate issued by defendant upon the life of plaintiff's husband. From a judgment for plaintiff, defendant brings error.

The defendant was a fraternal benefit society, having its principal place of business at St. Louis, Missouri. On February 27, 1906, it issued, through Future Great Council No. 1367, a subordinate lodge, a benefit certificate to Arthur Goldschmied, and the plaintiff, his wife, was named therein as the beneficiary. Goldschmied died on March 16, 1914. The defense to the action brought by his widow on the benefit certificate was that Goldschmied at the time he became a member of the defendant society was engaged in business as a saloon keeper, and that saloon keepers, as a class, were prohibited from membership in this society, that in his application for membership Goldschmied had falsely stated that he was by occupation a restaurant keeper, and that he had warranted this statement to be true.

It was provided in the benefit certificate admitted in evidence that if the representations made in the application for the certificate were not true in every respect, then the certificate should be considered null

and void, and that if the applicant was at the time he signed such application or thereafter became engaged in a prohibited employment, such certificate also was to be held void. The by-laws of the defendant were to the same effect. Section 120(a) of defendant's by-laws in force at the time of Goldschmied's death was as follows:

"NATIONAL COUNCIL NOT BOUND BY KNOWLEDGE OF OR NOTICE TO OFFICERS OR MEMBERS OF LOCAL COUNCILS. No officer of this society nor any local council officer, nor member thereof, is authorized or permitted to waive any provisions of the by-laws of this society, which relate to the contract between the member and the society, whether the same be now in force or hereafter enacted. Neither shall any knowledge or information obtained by or notice to any subordinate council or officer or member thereof, or by or to any other person be held or construed to be the knowledge or notice to the National Council or the officers thereof, until after said information or notice be given in writing to the National Secretary of the Order."

Section 169 of the by-laws is in part as follows:

"The National Council shall not be liable for any negligence in any of these matters, nor be bound by any irregularity, neglect or illegal action by a subordinate council or by any of its officers."

The by-laws introduced in evidence on the trial indicated that from the time Goldschmied became a member of this organization up to the time of his death there was a provision in the by-laws that prohibited saloon keepers from membership in the order. Plaintiff testified that she was present at the time of the examination of deceased; that there were also present Mr. Grenzebach, who was acting as assistant deputy to Mr. Biby, the district manager for defendant society at St. Louis, and two other men; that the examination of deceased was had in the saloon; that Dr. Becker asked questions of the deceased and that the doctor and Mrs. Grenzebach, financier of Future Council No. 1367,

wrote down deceased's answers; that the deceased at the time could speak only a few words of English, and that Dr. Becker talked to him in German; that she, plaintiff, could remember all the conversation had during the examination; that the doctor did not ask her husband ''what was his business''; that before her husband signed the application the doctor read it over to her and her husband in the presence of all who were there, and that after that her husband signed it; that the doctor did not read that her husband's occupation was that of restaurant keeper; that every one present talked in German; that the doctor read the application in English and explained it in German.

The different local lodges of which deceased was a member for nine years received the dues and assessments paid by him, and on several occasions the officers went to his saloon and made collections from the deceased and also from the plaintiff, who became a member of the society at the same time as her husband. The doctor who examined deceased at the time the application was signed was also the president of the local lodge. On that occasion he drank two glasses of beer that were served to him by deceased, and he testified that at the time he examined deceased he supposed that deceased had some authority in the saloon, whether as bartender or otherwise. On one occasion, at a meeting of a local lodge of defendant in Chicago, deceased informed the members, certain officers being present, that he had bought a saloon at 158 North Green street, and he invited everybody present to call on him. It further appeared that J. N. Bair, district manager for the defendant in Chicago, was notified about a month before the death of Goldschmied that he was a saloon keeper, and that he, Bair, had made some inquiry at the city hall to determine whether Goldschmied had been granted a license.

A. W. FULTON, for plaintiff in error.

Goldschmied v. National Coucnil, K. & L. of Sec., 202 Ill. App. 216.

ANDERSON, ANDERSON & ANDERSON, for defendant in error.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 726*—*what is status of subordinate lodge.* The local lodges of a fraternal benefit society are the agents of the supreme lodge, and knowledge which comes to these agents within the scope of their employment is chargeable to the principal.

2. INSURANCE, § 904*—*when evidence insufficient to show fraud and collusion.* In an action on a benefit certificate, evidence *held* insufficient to show fraud and collusion between the insured and the officers of the local lodge.

3. INSURANCE, § 761*—*when applicant not bound by false answers inserted by examining physician.* Where one makes answer to the questions in an application for insurance, the validity of the insurance is not affected by the falsity of the answers inserted by the examining physician as agent of the company.

4. INSURANCE, § 727*—*when local lodge of fraternal benefit society may waive by-laws of supreme lodge.* The local lodge of a fraternal benefit society may waive by-laws of the supreme lodge relative to forfeiture for engaging in a prohibited occupation.

5. INSURANCE, § 761*—*when right to forfeit benefit certificate is waived.* A local lodge of a fraternal benefit society must be deemed to have waived the right to forfeit a member's benefit certificate upon the ground of a misrepresentation as to being engaged in a prohibited occupation, that of saloon keeper, so as to bind the supreme lodge, where the examination of deceased was had in a saloon operated by the deceased by a physician who was also president of the local lodge, and the different local lodges of which deceased was a member for nine years received the dues and assessments paid by him, and on several occasions the officers went to his saloon and made collection from deceased and also from the plaintiff, who had become a member of the society at the same time as her husband, and where it also appeared that the district manager for defendant was present at the time of such examination and that another district manager for the defendant, upon notification about one month before the death of the insured that he was a saloon keeper, made inquiry to determine whether the insured had been granted a license.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.